REQUESTED BY: Douglas D. Christensen Commissioner of Education
You have requested our opinion on a series of specific questions which center on the issue of whether the computer data base and all pertinent computer programming and instructions, used by the Nebraska Department of Education to calculate state aid payments pursuant to the "Tax Equity and Educational Opportunities Support Act," Neb. Rev. Stat. § 79-3801 — § 79-3824 (1994 Supp. 1995), are "public records" as defined by state law. Your opinion request is prompted by correspondence from a member of the Nebraska Legislature who has sought a copy of "the computer data bases and all computer programs, source code of all computer programs, and all other computer instructions, file manipulations, or routines" used by the Department to calculate the most recent state aid payment distributions. Our analysis follows each of the specific questions which have been posed.
1. Are the items requested public records under the Nebraska Public Records Law? Enclosed is a copy of an opinion dated March 20, 1990, from the Attorney General's Office indicating that "computer programs that are used by state agencies are not public records." Is that the position of your office in regard to the materials currently requested?
State law provides that "public records" shall include all records and documents, regardless of physical form, of or belonging to this state, . . . or any agency, branch, [or] department [of the state]." Neb. Rev. Stat. § 84-712.01
(1994). The definition applies to all information and records except when any other statute expressly provides that such items shall not be made public. Id.; Op. Att'y Gen. No. 92-077 (May 20, 1992). The statute also provides that "[d]ata which is a public record in its original form shall remain a public record when maintained in computer files." Id.
With the exception of the "source codes of all computer programs,"[1] we find the computer data base(s), the computer programs, and the computer instructions, manipulations, and routines to be "public records."
The information at issue is collected, formulated, and produced by the NDE in accordance with the requirements of the "Tax Equity and Educational Opportunities Support Act." Provisions of the Act mandate both the data and the formula which the NDE is to utilize in calculating state aid payments to qualified public school districts. See Neb. Rev. Stat. § 79-3803, § 79-3804 § 79-3806 to § 79-3813 (1994 Supp. 1995). We find no statutory provision mandating the confidentiality of either the data or the computer programs used by the NDE in satisfying its duty under the Act.
The statement referenced in the March 20, 1990, correspondence from this office was neither an informal nor formal Attorney General's Opinion. The correspondence appears to be in response to an inquiry from the Nebraska Department of Administrative Services Director. We are unaware of the specific inquiry posed to this office. Thus, we cannot ascertain the context or significance of the statement contained in that correspondence. Thus, in response to your question, it isnot the position of this office that all computer programs utilized by state agencies are outside of the definition of "public records."
2. Are there any legal limitations on computer protocols used by a state agency that either prohibit their release as a public record or allow the agency to determine whether or not such protocols are public records?
Once any document or record is deemed to be a "public record," as defined by Neb. Rev. Stat. § 84-712.01, then any person interested in examining such a record must be allowed by the agency "to examine the same, and to make memoranda and abstracts therefrom, all free of charge, during the hours the [agency's] offices may be kept open for the ordinary transaction of business." Neb. Rev. Stat. § 84-712 (1994). In prior opinions, we have determined that
 [t]he Public Records Statutes, therefore, give interested parties in Nebraska a broad general right to view public documents at the governmental offices in possession of those documents during normal business hours, and to make notes or memoranda therefrom. The Public Records Statutes, on the other hand, do not require public officials to provide copies of public records, to answer questions, or to create documents which do not otherwise exist.
Op. Att'y Gen. No. 94-092 (November 22, 1994) (emphasis added) (quoting Op. Att'y Gen. No. 94-035 (May 13, 1994);see also Op. Att'y Gen. No. 94-089 (November 18, 1994) (noting that, while no Nebraska court had addressed the issue, it was the longstanding opinion of the Attorney General's Office that Neb. Rev. Stat. § 84-712 "does not require a public agency to make copies of public records or to mail or otherwise deliver copies of public documents to individuals.")
Therefore, the agency must allow access to a requested record. The only instances in which an agency is vested with discretion to either allow or deny access to a requested record is when the exception to the general rule of disclosure, as set forth in Neb. Rev. Stat. § 84-712.05 (Supp. 1995), is satisfied. That statute provides that classes of specified records, "unless publicly disclosed in an open court, open administrative proceeding, or open meeting or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records." Id.
We do not, however, find any of the categories of records contained within Neb. Rev. Stat. § 84-712.05 to apply to those records which we determined earlier herein are "public records." Therefore, the agency has no discretion to deny access to those records.
It is critical to note that while the agency has no discretion under Nebraska's public records statutes to withhold access to the requested data, there may be significant legal restrictions imposed by any copyright or trademark pertaining to the computer programs, source codes, or software utilized by the Nebraska Department of Education to compute state aid payment distributions. We have not been provided with facts adequate to specifically assess whether any such legal restrictions apply to the software or programs at issue. We suggest, however, that the agency review pertinent copyright or trademark obligations, if any, to which it may be bound prior to providing anyone outside of the agency with actual copies of the requested computer program information.
3. If materials such as those requested are not subject to the Public Records Law, is a state agency required to provide such materials to a State Senator or another state agency upon request? If a senator requests such materials strictly for legislative use, but portions are eventually disclosed to the public during legislative deliberations, do the materials disclosed then fall under the public records law when future requests are received by the agency from the public?
We understand that, as a matter of courtesy, state agencies provide copies of materials which have been requested by members of the Unicameral. If a state senator seeks records which are "public records," as defined by Neb. Rev. Stat. § 84-712.01, then the senator is fully empowered — as is any other individual — to examine public records at the agency's offices, during the agency's normal business hours, and to make notes and memorandum from the records. Your questions, however, center upon whether the Nebraska Department of Education is required to provide such records to a state senator upon his or her request when such records are not encompassed within the definition of Neb. Rev. Stat. § 84-712.01 or when such records may be withheld from disclosure pursuant to Neb. Rev. Stat. § 84-712.05.
An individual state senator's status as an elected member of the Legislature does not vest him or her with inherent power to access either state records which are not "public records" or state records from which public access may be withheld pursuant to Neb. Rev. Stat. § 84-712.05. There are instances, however, in which the Legislative Council, or any committee thereof, when discharging any duty imposed by statute have the authority to "issue subpoenas upon approval of a majority of the council or committee, [and] compel . . . the production of any papers, [or] documents. . . ." Neb. Rev. Stat. § 50-406 (1993). Current law also requires each department of state government to "make such studies for and furnish information to the council as [the council may require] and as can be [furnished within existing appropriations]." Neb. Rev. Stat. § 50-409 (1993).See 1979-80 Rep. Att'y Gen. 37 (Opinion No. 27, dated February 16, 1979) (discussing issues surrounding extent of legislative council's exercise of subpoena powers). It is our understanding that the pending request for computerized state aid data has not been made by the Legislative Council pursuant to its statutory powers.
If records are "disclosed in an open court, open administrative proceeding, or open meeting or disclosed by a public entity pursuant to its duties," then such records may not be withheld from the public — even if the records fall within the exception to mandatory disclosure contained within Neb. Rev. Stat. § 84-712.05.[2]
4. When the Department provides copies of such materials to public agencies and officials, may the Department implement restrictions prohibiting any distribution to the public of the requested materials so as to prevent private vendors from gaining access to materials to sell or use in their private businesses which were originally developed at State expense?
With regard to materials which fall within the §84-712.01 definition of "public records," all that is required of the Nebraska Department of Education is that it make such materials available for public inspection. It is for the agency to determine, as a matter of policy, whether it will expend its efforts to provide actual copies of various computer database materials upon public inquiry. Op. Att'y Gen. No. 94-092 (November 23, 1994). We also find it to be a matter of internal policy for the Department to determine whether and in what manner it will allow another state agency to access departmental records. Cf. Op. Att'y Gen. No. 96-061 (August 20, 1996) (discussing confidentiality provisions in data-sharing agreements between state agencies). When the Nebraska Department of Education contemplates sharing records which have been deemed as confidential by federal or state law, then the agency must comply with any confidentiality prohibitions regarding the release of those records. See id.; Op. Att'y Gen. No. 96-055 (July 24, 1996).
Sincerely,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
Approved by:
_________________________ Attorney General
[1] The term "source file" is commonly used to describe "dynamic application text files. . . . [Text files are ones] that contain primarily alphanumeric characters, including punctuation, but they may also contain special characters used to control printing." I. Silverberg, Source File Management WithSCCS, Prentice Hall 1992 at 1. Thus, the source files are the individual components which, together, create a particular program. We do not find this type of data or text unit to be a "public record" as defined by Neb. Rev. Stat. §84-712.01.
[2] Our conclusion assumes that the records at issue would not be subject to a statutorily-imposed confidentiality requirement.See, e.g., Neb. Rev. Stat. § 83-1068
(restricting access to mental health commitment records); Neb. Rev. Stat. § 32-331 (requiring confidentiality of specified voter records); Neb. Rev. Stat. § 28-343 (establishing confidentiality of abortion reporting forms).